**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
Telephone: (949) 553-1010
Facsimile: (949) 553-2050
info@gauntlettlaw.com
rsl@gauntlettlaw.com

Attorneys for Plaintiff
David A. Gauntlett d/b/a
Gauntlett & Associates

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| DAVID A. GAUNTLETT d/b/a GAUNTLETT & ASSOCIATES, a California sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | Case No. 5:11-cv-00455 LHK<br><br>Hon. Lucy H. Koh<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO GAUNTLETT DECLARATION**<br><br>Date: May 5, 2011<br>Time: 1:30 p.m.<br>Ctrm: 4 – 5th Floor |

Plaintiff David A. Gauntlett d/b/a Gauntlett & Associates (hereinafter "G&A") respectfully responds to Defendant Illinois Union Insurance Company's ("Illinois Union") Objections to Evidence Offered in Support of Plaintiff's Motions for Partial Summary Judgment, as follows:

## I. PLAINTIFF'S RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS

### A. G&A's Responses to Illinois Union's Objections to the Declaration of David A. Gauntlett

G&A responds to Illinois Union's objection to several paragraphs of the Declaration of David A. Gauntlett ("Gauntlett Declaration"):

Gauntlett Declaration ¶9:

> Paragraph 1 of the Gauntlett Declaration establishes that, as an attorney, as principal of G&A, as the insured of Illinois Union and as the defendant in the *Tarzi* action Mr. Gauntlett has personal knowledge of the Illinois Union policy, the *Tarzi* action, the refusal of Illinois Union to defend the *Tarzi* action, his need to hire and pay defense counsel in the *Tarzi* action, and the defense expenses incurred in the underlying suit. Pursuant to Fed. R. Evid. 602, Mr. Gauntlett's personal knowledge is a proper foundation for his testimony. This testimony is not conclusory, argumentative or speculative, as Illinois Union asserts. Nor does Mr. Gauntlett opine on any legal question. Mr. Gauntlett only testifies to facts within his personal knowledge.

Gauntlett Declaration ¶11:

> Paragraph 1 of the Gauntlett Declaration establishes that, as an attorney, as principal of G&A, as the insured of Illinois Union and as the defendant in the *Tarzi* action Mr. Gauntlett has personal knowledge of the Illinois Union policy, the *Tarzi* action, the refusal of Illinois Union to defend the *Tarzi* action, his need to hire and pay defense counsel in the *Tarzi* action, and the defense expenses incurred in the underlying suit. Pursuant to Fed. R. Evid. 602, Mr. Gauntlett's personal knowledge is a proper foundation for his testimony. This testimony is not conclusory, argumentative or speculative, as Illinois Union asserts. Paragraph 11 of Mr. Gauntlett's testimony is not opinion testimony because the quoted allegations in the underlying complaint are

facts potentially alleging an invasion of privacy claim and the Illinois Union policy undoubtedly insures against invasion of privacy claim. So the last sentence of the paragraph is simply a logical conclusion that can be drawn by any insured in Mr. Gauntlett's position as a defendant, not a legal opinion.

Gauntlett Declaration ¶12:

Paragraph 1 of the Gauntlett Declaration establishes that, as an attorney, as principal of G&A, as the insured of Illinois Union and as the defendant in the *Tarzi* action Mr. Gauntlett has personal knowledge of the Illinois Union policy, the *Tarzi* action, the refusal of Illinois Union to defend the *Tarzi* action, his need to hire and pay defense counsel in the *Tarzi* action, and the defense expenses incurred in the underlying suit. Pursuant to Fed. R. Evid. 602, Mr. Gauntlett's personal knowledge is a proper foundation for his testimony. This testimony is not conclusory, argumentative or speculative, as Illinois Union asserts. Paragraph 12 of Mr. Gauntlett's testimony is not opinion testimony because the quoted allegations in the underlying complaint are facts potentially alleging an employment-related misrepresentation claim and the Illinois Union policy undoubtedly insures against such claims. So the last sentence of the paragraph is simply a logical conclusion that can be drawn by any insured in Mr. Gauntlett's position as a defendant, not a legal opinion.

Dated: April 21, 2011

**GAUNTLETT & ASSOCIATES**

By: /s/ James A. Lowe
James A. Lowe

Attorneys for Plaintiff
David A. Gauntlett dba Gauntlett & Associates