**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANE J. ASHLEY (SBN 073296)
E-Mail: ashley@lbbslaw.com
RAQUEL VIDAL (SBN 199597)
E-Mail: vidal@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant ILLINOIS UNION INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID A. GAUNTLETT d/b/a GAUNTLETT & ASSOCIATES, a sole proprietorship,<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS UNION INSURANCE COMPANY, an Illinois corporation,<br><br>Defendant. | CASE NO. 11-CV-00455 EJD<br><br>Hon. Edward J. Davila<br><br>**DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR RECONSIDERATION PURSUANT TO RULES 59 AND 60 PARTIAL SUMMARY JUDGMENT MOTION RE ILLINOIS UNION'S DUTY TO DEFEND AND SETTLE**<br><br>Judge: Hon. Edward J. Davila<br>Date: April 6, 2012<br>Time: 9:00 a.m.<br>Crtrm.: 1, 5th Floor |

Defendant Illinois Union Insurance Company ("Illinois Union"), hereby submits its opposition to the cross-motion for reconsideration pursuant to Rules 59 and 60 filed by Plaintiff David A. Gauntlett d/b/a Gauntlett & Associates ("Gauntlett").

/ / /

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Correct Legal Standard .......... 1

1. Gauntlett Failed to Meet the Substantive Requirements set forth in Local Rule 7-9(b) .......... 3

(a) The cross-motion fails to establish a material difference in fact or law .......... 4

(b) Gauntlett fails to establish the emergence of new material facts or a change of law occurring after the time of the order .......... 5

(c) The cross-motion fails to establish manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court .......... 6

(i) The Court correctly determined that the allegations regarding Tarzi's employee misclassification did not give rise to a duty to defend .......... 6

(ii) The Court correctly determined that the invasion of privacy claim did not give rise to a duty to defend .......... 7

2. Gauntlett Failed to Obtain Leave of Court Prior to Moving for Reconsideration in Compliance with Local Rule 7-9(a) .......... 10

3. Gauntlett Violates the Prohibition against Repetition Argument Set Forth in Local Rule 7-9(c) .......... 11

B. Gauntlett's Cross-Motion For Reconsideration Pursuant To Rule 59 Is Untimely And Must Be Considered A Rule 60(b) Motion .......... 12

C. Gauntlett's Cross-Motion Is Not Subject To FRCP Rule 60(b) .......... 13

III. CONCLUSION .......... 14

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Alioto v. United States*,
593 F. Supp. 1402 (ND Cal. 1984) ..... 11

*American Ironworks & Erectors, Inc. v. N. American Construction Corp.*,
248 F.3d 892 (9th Cir. 2001) ..... 13

*Backlund v. Barnhart*,
778 F.2d 1386 (9th Cir. 1985) ..... 13

*Bhatnagar v. Surrendra Overseas Ltd.*,
52 F.3d 1220 (3rd Cir. 1995) ..... 4

*Burgett, Inc. v. American Zurich Ins. Co*,
__ F. Supp. 2d __, 2011 WL 5884251 (E.D. Cal. Nov. 23, 2011) ..... 5

*California Dairies, Inc. v. RSUI Indemn. Co.*,
617 F. Supp. 2d 1023 (E.D. Cal. 2009) ..... 7

*City of Los Angeles v. Santa Monica Baykeeper*,
254 F.3d 882 (9th Cir. 2001) ..... 1

*Edward H. Bohlin Co. v. Banning Co.*,
6 F.3d 350 (5th Cir. 1993) ..... 2

*Fay Corp. v. Bat Holdings I, Inc.*,
651 F. Supp. 307 (W.D. Wash. 1987) ..... 6

*Fields v. Pool Offshore, Inc.*,
No. Civ. A. 97-3170, 1998 U.S. Dist. LEXIS 112, 1998 WL 43217
(E.D. La. Feb. 3, 1998) ..... 2

*Ford v. Elsbury*,
32 F.3d 931 (5th Cir. 1994) ..... 12

*Frederick S. Wyle Professional Corp. v. Texaco, Inc.*,
764 F.2d 604 (9th Cir. 1985) ..... 5

*Hudson Ins. Co. v. Colony Ins. Co.*,
624 F.3d 1264 (9th Cir. 2010) ..... 8

*In re BDC 56 LLC*,
330 F.3d 111 (2d Cir. 2003) ..... 2

*Lavespere v. Niagra Machinery & Tool Works, Inc.*,
910 F.2d 167 (5th Cir. 1998) ..... 12

*Longstreth v. Copple*,
189 F.R.D. 401 (N.D. Iowa 1999) ..... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Lowe v. McGraw-Hill Cos.*,
361 F3d 335 (7th Cir. 2004) .......... 13

*Marrero Pichardo v. Ashcroft*,
374 F.3d 46 (2d Cir. 2004) .......... 2

*Microtec Research, Inc. v. Nationwide Mutual Ins. Co.*,
40 F.3d 968 (9th Cir. 1994) .......... 8

*Miller v. Schoenen*,
75 F.3d 1305 (8th Cir. 1996) .......... 13

*Padfield v. AIG Life Ins. Co.*,
290 F3d 1121 (9th Cir. 2002) .......... 13

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
204 F.3d 867 (9th Cir. 2000) .......... 13

*School District No. 1J v. ACandS, Inc.*,
5 F.3d 1255 (9th Cir. 1993) .......... 5, 12

*Templet v. HydroChem Inc.*,
367 F.3d 473 (5th Cir. 2004) .......... 2, 3

*Tom Kelley Studios, Inc. v. State Farm Gen Ins. Co.*,
No. 10-55931, 2011 WL 6396441 (9th Cir., Dec. 21, 2011) .......... 5

*Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*,
813 F.2d 1553 (9th Cir. 1987) .......... 5

*Waltman v. International Paper Co.*,
875 F.2d 468 (5th Cir. 1989) .......... 5

## STATE CASES

*Baroco West, Inc. v. Scottsdale Ins. Co.*,
110 Cal. App. 4th 96 (2003) .......... 4

*California Supreme Court in Montrose Chemical Corp. v. Superior Court*,
6 Cal. 4th 287 (1993) .......... 8

*CNA Casualty of California v. Seaboard Surety Co.*,
176 Cal. App. 3d 598 (1986) .......... 8

*Fibreboard Corp. v. Hartford Accident Indem. Co.*,
16 Cal. App. 4th 492 (1993) .......... 7

# TABLE OF AUTHORITIES

## STATE CASES

*Gunderson v. Fire Ins. Exchange,*
37 Cal. App. 4th 1106 (1995) .... 4

*Hurley Construction Co. v. State Farm Fire & Casualty Inc. Co.,*
10 Cal. App. 4th 533 (1992) .... 8

*Low v. Golden Eagle Ins. Co.,*
99 Cal. App. 4th 109 (2002) .... 9

*Miranda v. California Capital Ins. Co.,*
2011 Cal. App. Unpub. LEXIS 2419
(Cal.App.1st Dist. Mar. 29, 2011) .... 9, 10, 11

*Professional Security Consultants, Inc. v. United States Fire Ins. Co.,*
No. CV 10-04588 SJO2010 WL 4123786 (C.D. Cal. Sept. 22, 2010) .... 7, 11

*Scottsdale Ins. Co. v. MV Transportation,*
36 Cal. 4th 643 (2005) .... 9

*Total Call Internat., Inc. v. Peerless Ins. Co.,*
181 Cal. App. 4th 161 (2010) .... 8

*Tower Ins. Co. of New York v. Capurro Enterprises Inc.,*
No. C 11-03806 SI, 2011 WL 6294485 (N.D. Cal. Dec. 15, 2011) .... 6

## FEDERAL RULES AND REGULATIONS

Fed. R. Civ. P. 54(b) .... 1

Fed. R. Civ. P. 56(g) .... 11

Fed. R. Civ. P. Rule 59 .... 1, 14

Fed. R. Civ. P. Rule 59(e) .... 12

Fed. R. Civ. P. Rule 60 .... 1, 13, 14

U.S.D.C., Northern District of Cal., Local Rule 7-9 .... 1-3, 5-6, 10-12, 14

U.S.D.C., Northern District of Cal., Local Rule 7-18 .... 6

## I. INTRODUCTION

The Cross-Motion for Reconsideration filed by plaintiff David A. Gauntlett d/b/a Gauntlett & Associates ("Gauntlett") is a weak attempt to reargue issues which previously have been exhaustively briefed and argued before the Court and, therefore, fails to comply with the substantive requirements set forth in this Court's Local Rules applicable to motions for reconsideration. In supporting his cross-motion, Gauntlett misstates the applicable legal standards, speculates about the unpled claims and improperly introduces evidence not previously presented to the Court that was available to Gauntlett prior to the Court's November 1, 2011 Order Denying Partial Summary Judgment.

Moreover, the cross-motion is procedurally defective because it was filed without first obtaining leave of court as mandated by United States District Court, *Northern District of California, Local Rule* 7-9(a). In addition, by improperly joining the cross-motion with the Opposition to Illinois Union's Motion for Summary Judgment, Gauntlett blatantly violates the prohibition against repetition of arguments set forth in Local Rule 7-9(c) and is therefore subject to sanctions.

Although Gauntlett states that the cross-motion is brought pursuant to Federal Rules of Civil Procedure 59 and 60, neither of these rules applies here because the cross-motion is untimely and seeks reconsideration of an interlocutory order.

Accordingly, defendant Illinois Union Insurance Company ("Illinois Union") opposes the cross-motion and seeks an order denying the relief requested by Gauntlett and imposing appropriate sanctions.

## II. ARGUMENT

### A. Correct Legal Standard

A district court can "reconsider" a non final judgment pursuant to Federal Rule of Civil Procedure 54(b) and the Court's inherent power rooted firmly in the common law to "rescind and interlocutory order over which it has jurisdiction." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001).

Under the United States District Court, *Northern District of California*, *Local Rules*, Gauntlett must seek permission from the Court, prior to filing a motion for reconsideration. N.D. Cal. Civ. L.R. 7-9. In seeking permission from the Court, Gauntlett must show that (1) at the time of the motion, a material difference in fact or law exists that was not previously presented to the court, (2) there has been an emergence of new material facts or a change in law since the court issued the order, or (3) there was “manifest failure by the Court to consider material facts or dispositive legal arguments” that were presented to it. *Id* at 7-9(b). Moreover, plaintiff is prohibited from including the same arguments in his cross-motion for reconsideration as were presented to the Court in his cross-motion for partial summary judgment. *Id* at 7-9(c).

The threshold for prevailing on a motion for reconsideration is high. "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) [quotation marks omitted]. In addition, a motion for reconsideration "is not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) [quotation marks omitted].

A district court has considerable discretion to grant or deny such a motion. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 U.S. Dist. LEXIS 112, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), aff'd, 182 F.3d 353 (5th Cir. 1999). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration "serve[s] the narrow purpose of allowing a party to

correct manifest errors of law or fact or to present newly discovered evidence." *Id*. at 479 [quotation omitted]. The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., supra*, 6 F.3d at 355.

Here, plaintiff fails to comply with the procedural and substantive requirements set forth in the applicable Local Rules.

**1. <u>Gauntlett Failed to Meet the Substantive Requirements set forth in Local Rule 7-9(b)</u>**

Assuming for the sake of argument that Gauntlett's cross-motion for reconsideration was determined to be the requisite motion for leave to file the same, which it is not (see argument II.A.2. below), it fails to comply with the substantive, requirements of Local Rule 7-9(b) which provides:

> (b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.
>
> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

/ / /

/ / /

**(a) <u>The cross-motion fails to establish a material difference in fact or law</u>**

There is no argument made in the cross-motion that a material difference in fact or law exists from that which was presented to the Court prior November 1, 2011.

Although Gauntlett attempts to introduce additional facts regarding a 2007 forensic analysis of Miriam Tarzi's work computer (Doc. 34, pp. 20:13-21:24), these facts are not materially different from the facts introduced by Gauntlett in support of his cross-motion for partial summary judgment. Moreover, Gauntlett does not show that in the exercise of reasonable diligence he did not know of the forensic analysis at the time of the Court's Order. Gauntlett does not even attempt to explain why these facts were not referenced in his cross-motion for partial summary judgment. Reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995). Moreover, these facts are irrelevant to establishing any duty to defend because they were first made known to Illinois Union in this litigation. *See Gunderson v. Fire Ins. Exchange*, 37 Cal. App. 4th 1106, 1117 (1995) [duty to defend depends on information available to insurer at time of tender, not on information developed by insured after tender that was not communicated to insurer at time of tender]; *Baroco West, Inc. v. Scottsdale Ins. Co.*, 110 Cal. App. 4th 96, 103 (2003).

Moreover, although he argues with the Court's analysis in reaching its conclusion set forth in the November 1, 2011 Order, Gauntlett does not establish the existence of a material difference in any particular law applied by the Court exists from that which was presented to the Court.

/ / /

/ / /

/ / /

/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

**(b) <u>Gauntlett fails to establish the emergence of new material facts or a change of law occurring after the time of the order</u>**

Gauntlett does not establish the emergence of any new material facts or a change of law occurring after the November 1, 2011 Order.

The only reference to facts that were not presented to the Court in support of Gauntlett's partial summary judgment motion are the facts regarding the 2007 forensic analysis of Tarzi's work computer conducted by plaintiff. (Doc. 34, pp. 20:12-21:24.) However, Gauntlett's failure to file documents relating to the 2007 forensic analysis in support of his original motion for partial summary judgment does not turn this late filed evidence into new material facts. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

> The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into "newly discovered evidence." See *Waltman v. International Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989) (materials available at time of filing opposition to summary judgment would not be considered with motion for reconsideration); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1557 & n.4 (9th Cir. 1987) (court did not abuse its discretion in refusing to consider affidavits opposing summary judgment filed late); *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (evidence available to party before it filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment).

*Id.*

In the cross-motion, Gauntlett argues that reconsideration is justified by three "California coverage law cases" that post date the Court's Order. (Doc. 34, pp. 1:8-9, 15-17.) However, the cases cited by Gauntlett in support of this position do not establish a change of law as contemplated by Local Rule 7-9(a)(2). Gauntlett cites to three federal decisions issued since the Court's prior order, *Tom Kelley Studios, Inc. v. State Farm Gen Ins. Co.*, No. 10-55931, 2011 WL 6396441, at *1 (9th Cir., Dec. 21, 2011); *Burgett, Inc. v. Am. Zurich Ins. Co*, __ F. Supp. 2d __, 2011 WL 5884251, at *

4, *5 (E.D. Cal. Nov. 23, 2011); *Tower Ins. Co. of New York v. Capurro Enterprises Inc.*, No. C 11-03806 SI, 2011 WL 6294485 (N.D. Cal. Dec. 15, 2011). He asserts that these cases stand for the proposition that "the failure of the underlying complaint to specifically allege all elements of a covered offense is also insufficient to defeat the duty to defend." (Doc. 34, pp. 1:12-3:3.) However, in all three of these cases the courts found that the necessary factual elements of a "personal injury" tort were either expressly stated or self-evident. That is not the case here. Moreover, none of these cases make any rulings that constitute a change in the law.

**(c) <u>The cross-motion fails to establish manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court</u>**

Although Gauntlett cites to Local Rule 7-18 in support of his cross-motion for reconsideration, it appears that his intent was to seek reconsideration, pursuant to Local Rule 7-9 (b)(3) on the ground there was a manifest failure by the Court to consider material facts or dispositive legal arguments. (Doc. 34, p. 1:3-5.) Gauntlett's cross-motion takes issue with the Court's analysis. (Doc. 34, pp. 8:2-9:26; 12:5-13:20; 18:10-25:14). Nowhere does Gauntlett reference material facts presented to the Court prior to November 1, 2011 that the Court purportedly failed to consider.

In Gauntlett's cross-motion he argues with the Court's reasoning in an attempt to attack the Court's Order. A litigant is not permitted to assert new arguments seriatim, after losing at summary judgment. *See Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 308-09 (W.D. Wash. 1987).

**(i) <u>The Court correctly determined that the allegations regarding Tarzi's employee misclassification did not give rise to a duty to defend</u>**

Gauntlett takes issue with the Court's rejection of his argument that a potential for coverage was triggered by Tarzi's allegations regarding her misclassification as

non-exempt, and its reliance on *California Dairies, Inc. v. RSUI Indemn. Co.*, 617 F. Supp. 2d 1023, 1050 (E.D. Cal. 2009). Gauntlett attempts to distinguish *California Dairies, Inc. v. RSUI Indemn. Co.*, 617 F. Supp. 2d 1023, 1050 (E.D. Cal. 2009) by summarily stating that the allegation by Tarzi that she was erroneously classified as an "exempt" employee can only be construed as "an employment-related misrepresentation." (Doc. 34, p. 12.) Yet, Gauntlett can cite to no California authority standing for the proposition that the misclassification of an employee's status as exempt triggers coverage. Gauntlett suggests that *Professional Security Consultants, Inc. v. United States Fire Ins. Co.*, No. CV 10-04588 SJO (SSx) 2010 WL 4123786 (C.D. Cal. Sept. 22, 2010) is instructive. However, *Professional Security* is readily distinguishable as the underlying complaint specifically alleged the elements of a negligent misrepresentation. (*Id*. at * 7-8.) Moreover, the underlying complaint sought unspecified damages. Here, no such affirmative misrepresentations were alleged in the Tarzi complaint. Finally, *Professional Security* involved a motion to dismiss pursuant to Rule 12(b)(6) which tests the legal sufficiency of the claims asserted in the complaint.

Gauntlett also takes issue with the Court's interpretation of "employment-related misrepresentation" as meaning "negligent misrepresentation" (Doc. 34, p. 9:23-26), the Court's interpretation is entirely consistent with this "offense" based coverage for torts. *See Fibreboard Corp. v. Hartford Acc. Indem. Co.*, 16 Cal. App. 4th 492, 511 (1993).

**(ii) <u>The Court correctly determined that the invasion of privacy claim did not give rise to a duty to defend</u>**

Gauntlett improperly takes issue with the Court's analysis of invasion of privacy claim. (8:10-25:14). The Court found that:

> A privacy violation of "intrusion upon seclusion" requires a reasonable expectation of privacy and highly offensive conduct. Neither of these essential elements is alleged in the Tarzi complaint, nor are the facts supporting those elements pled. Moreover, Tarzi seeks only damages for wage and

> hour violations, instead of emotional distress or other consequential damages that might be expected from a claim for invasion of privacy.

(Doc. 26, pp. 14:16-15:5.) Gauntlett cites to Florida, Massachusetts and Illinois authorities for the proposition that none of the elements of the tort for intrusion upon seclusion must be pled for the potential for coverage to arise. (Doc. 34, p. 14:3-5, fn. 59.) These cases directly contradict California law and are neither binding nor persuasive here.

A claim against the insured which does not expressly allege a personal injury offense must, at least, factually allege each of the elements of that offense in order to trigger a potential for "personal injury" coverage. See, e.g., *Microtec Research, Inc. v. Nationwide Mutual Ins. Co*., 40 F.3d 968, 972 (9th Cir. 1994); *Total Call Internat., Inc. v. Peerless Ins. Co.*, 181 Cal. App. 4th 161 (2010).

Gauntlett cites to two cases, *Hudson Ins. Co. v. Colony Ins. Co*., 624 F.3d 1264, 1269-1270 (9th Cir. 2010) and *CNA Casualty of California v. Seaboard Surety Co*., 176 Cal. App. 3d 598 (1986), which he asserts stand for the proposition that "'California Courts have cast doubt on the notion that a complaint must support all elements of a cause of action to state potential liability.'" (Doc. 34, p. 11:7-8, fn. 50.) However, Gauntlett's reliance on these authorities is misplaced.

*CNA Casualty of California v. Seaboard Surety Co.*, 176 Cal. App. 3d 598, 608 (1986), is a decision which pre-dates more recent California authority, relies on New York law and which was later disapproved by the California Supreme Court in *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 296 (1993), because the *CNA* court had failed to consider the potential that extrinsic facts could eliminate coverage. Indeed, the *CNA* case is not representative of current California law. Not only did that court refuse to consider extrinsic evidence, it concluded that the insurer should consider the possibility of later amendments in the pleadings as a basis for coverage (*CNA*, *supra* at 610-611), a proposition repeatedly rejected by subsequent cases. (*See*, *Hurley Construction Co. v. State Farm Fire & Cas. Inc. Co.*, 10 Cal. App.

4th 533 (1992); *Low v. Golden Eagle Ins. Co.*, 99 Cal. App. 4th 109 (2002).) In any event, the court in *CNA* found potential coverage for libel, slander, or other defamatory or disparaging material based on allegations that the insured made statements misrepresenting the business, property and rights possessed by plaintiffs. (*CNA, supra*, at 608.) Here, Tarzi's allegations against Gauntlett are missing all three of these critical elements that would support an invasion of privacy claim.

The decision in *Hudson Ins. Co., supra*, 624 F.3d 1264, also is of no assistance to Gauntlett. That case involved a contribution action between two insurers and a question of potential coverage for slogan infringement. The court found coverage noting that the complaint "alleges facts potentially supporting a legal theory of slogan infringement." (*Id*. at 1268.) Here, the facts do not support a claim for invasion of privacy.

Gauntlett also mischaracterizes the holding in *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal. 4th 643 (2005) as suggesting that a future amendment can trigger coverage. (Doc. 34, p. 14:2, fn. 58.) The court in *Scottsdale* did not hold that there is a potential for coverage if the underlying complaint might be amended to allege a covered claim. To the contrary the *Scottsdale* court found that the test is whether the necessary "facts [are] stated or fairly inferable in the complaint." (*Scottsdale supra*, 36 Cal. 4th at 654-55.) In *Scottsdale*, the extrinsic facts known to the insurer at the time of tender suggested that the claim may have been covered. (*Id*. at 654.) That is not the case here where neither the allegations of the complaint, nor the extrinsic facts made known to Illinois Union at time of tender suggested a potential claim for the tort of intrusion upon seclusion. (*See also, Hurley Construction, supra*, 10 Cal. App. 4th at 538 [Insured may not manufacture coverage by arguing that the third-party complaint might be amended to allege a covered claim.])

Gauntlett's reliance on the unpublished California Court of Appeal decision *Miranda v. Cal. Capital Ins. Co.*, 2011 Cal. App. Unpub. LEXIS 2419 (Cal.App.1st Dist. Mar. 29, 2011) is also mistaken. The *Miranda* court analyzed the duty to defend

arising from factual allegations in the context of a claim for trade libel. In *Miranda*, the underlying complaint alleged that the Mirandas made misrepresentations regarding the origin of the substandard cows at issue and alleged an injury of damage to reputation. From that language, the *Miranda* court implied a disparagement claim. In contrast, here, Tarzi did not allege any injury from the e-mail incident. Accordingly, *Miranda* does not support Gauntlett's position that an invasion of privacy offense can be inferred from fact allegations even absent the elements necessary for a common law tort of intrusion by seclusion.

Accordingly, Gauntlett's cross-motion for reconsideration fails to establish a manifest failure by the Court to consider dispositive legal arguments and should be denied.

**2. Gauntlett Failed to Obtain Leave of Court Prior to Moving for Reconsideration in Compliance with Local Rule 7-9(a)**

Gauntlett's cross-motion for reconsideration should be denied on the ground that it fails to comply with the procedural requirements set forth in Local Rule 7-9(a), which provides:

> Leave of Court Requirement. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9 (b). No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

Here, Gauntlett moved for reconsideration of the Court's November 1, 2011 Order Denying Partial Summary Judgment without first obtaining leave of Court to file his cross-motion.

/ / /

/ / /

/ / /

/ / /

### 3. Gauntlett Violates the Prohibition against Repetition Argument Set Forth in Local Rule 7-9(c)

Gauntlett's cross-motion for reconsideration violates Local Rule 7-9(c) because it repeats numerous arguments set forth in Gauntlett's motion for partial summary judgment and the corresponding reply. Local Rule 7-9(c) provides:

> (c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions.

In the cross-motion, Gauntlett repeats many of the written arguments which were made in the reply to Illinois Union's Opposition to the Motion for Partial Summary. Specifically, in arguing that the Court erred in its analysis of the purported invasion of right to privacy claim (Doc. 34, pp. 13:21-23:13), plaintiff repeats verbatim the same arguments made in Section II. A. 1., 2 and 3. of his reply papers. (Doc. 17, p. 2:15-7:8.) A motion that is substantially identical to an earlier motion that was denied and presents no new grounds may be treated as in bad faith, justifying an award of sanctions under Federal Rule of Civil Procedure 56(g). *See Alioto v. United States*, 593 F. Supp. 1402, 1415 (ND Cal. 1984).

Similarly, in support of his argument that that the Court's analysis of the misrepresentation claim was in error ( Doc. 34, pp. 8:2-13:20), plaintiff makes substantially similar arguments to those made in his motion for partial summary judgment (Doc. 9, pp. 16:1-18:16), including but not limited to the arguments that: 1) the term "misrepresentation" should be interpreted in its ordinary and popular sense (Doc. 9, p. 16:4-16; Doc 34; p. 8:11-20), the elements of the tort of misrepresentation does not need to be pled in the underlying complaint (Doc. 9, p. 17:6-18:16; Doc. 34, pp. 8:7-9:7), the misclassification of an employee as exempt is a misrepresentation covered by the policy; (Doc. 9, p. 17:6-15; Doc. 34, p. 9:5-22); and the holding in *Professional Security Consultants, Inc. v. United States Fire Ins. Co.*, No. CV 10-04588

SJO (SSx) 2010 WL 4123786 (C.D. Cal. Sept. 22, 2010) is instructive (Doc. 9, pp. 16:19-17:5; Doc. 34, pp. 11:15-13:7).

Accordingly, because Gauntlett's cross-motion violates the prohibition against repetition of argument set forth in Local Rule 7-9(c), it should be denied and appropriate sanctions should be imposed against Gauntlett.

**B. <u>Gauntlett's Cross-Motion For Reconsideration Pursuant To Rule 59 Is Untimely And Must Be Considered A Rule 60(b) Motion</u>**

Gauntlett seeks reconsideration pursuant to Federal Rule of Civil Procedure Rule 59(e) on the grounds that the Court Order constitutes a mistake of law and clear error and is manifestly unjust. (Doc. 34, p.1:3-5.)[1] However, his cross-motion is untimely and therefore cannot be considered as a motion for reconsideration pursuant to Federal Rule of Civil Procedure Rule 59(e).

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration of an order, such a motion may be treated as a motion to alter or amend judgment under Rule 59(e) or a motion for "relief from judgment under Rule 60(b)." *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1998).

Under Federal Rule of Civil Procedure Rule 59(e), "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Generally, a post-order motion requesting a substantive change in an order, as opposed to a clerical change, is considered a Rule 59(e motion, if filed within 10 days of entry,

/ / /

/ / /

[1]Gauntlett relies on *School Dist. No. 1J, Multnomah County, Or. V. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) in support of the argument that reconsideration is appropriate where there is "clear error or the initial decision was manifestly unjust." The cited portion of the *School District* holding involved an analysis of a reconsideration motion under rule 59(e).

otherwise it is considered a Rule 60(b) motion. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Because Gauntlett's cross-motion was filed more than 10 days after the Court's November 11, 2011 Order, it must be considered a motion for "relief from judgment" under Rule 60(b). *See Lavespere, supra*, 910 F.2d at 173.

**C. <u>Gauntlett's Cross-Motion Is Not Subject To FRCP Rule 60(b)</u>**

Gauntlett also seeks reconsideration pursuant to Federal Rule of Civil Procedure Rule 60 based on an unspecified mistake of law. (Doc. 34, p. 1:3-5.) Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); s*ee also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Federal Rule of Civil Procedure Rule 60(b) is applicable only to "final" judgments. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000); *Lowe v. McGraw-Hill Cos.*, 361 F3d 335, 343 (7th Cir. 2004). A denial of summary judgment is not a final order. *See Miller v. Schoenen*, 75 F.3d 1305, 1308 (8th Cir. 1996) [orders denying summary judgment "are not final orders in the traditional sense"]; *Padfield v. AIG Life Ins. Co.*, 290 F3d 1121, 1124 (9th Cir. 2002) [order denying summary judgment reviewable when coupled with grant of summary judgment to opposing party]; *Longstreth v. Copple*, 189 F.R.D. 401, 402-403 (N.D. Iowa 1999). Since an order denying partial summary judgment is interlocutory in nature

/ / /

and does not terminate an action as to all claims and parties, Federal Rule of Civil Procedure Rule 60(b) does not apply to Gauntlett's cross-motion for reconsideration.

## III. CONCLUSION

Gauntlett's cross-motion presents no significant arguments or evidence justifying alteration or amendment of the Court's November 11, 2011 Order and its disagreement with the Court's analysis of the facts and law constitutes no basis for relief under Local Rule 7-9 or Federal Rules of Civil Procedure Rule 59 or 60. For the foregoing reasons, Gauntlett's cross-motion should be denied and appropriate sanctions should be imposed

DATED: February 3, 2011

LANE J. ASHLEY
RAQUEL VIDAL
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/
Raquel Vidal
Attorneys for Defendant
ILLINOIS UNION INSURANCE COMPANY

# FEDERAL COURT PROOF OF SERVICE

Case: *Gauntlett, etc., v. Illinois Union, etc.*
U.S.D.C. Case No. 11-CV-00455 EJD

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 3, 2012, I served the following document(s): **DEFENDANT ILLINOIS UNION INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR RECONSIDERATION PURSUANT TO RULES 59 AND 60 PARTIAL SUMMARY JUDGMENT MOTION RE ILLINOIS UNION'S DUTY TO DEFEND AND SETTLE**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| David A. Gauntlett, Esq.<br>James A. Lowe, Esq.<br>**GAUNTLETT & ASSOCIATES**<br>18400 Von Karman, Suite 300<br>Irvine, CA 92612<br>Tel. No.: (949) 553-1010<br>Fax No.: (949) 553-2050<br>info@gauntlettlaw.com<br>Jal@gauntlettlaw.com | Attorneys for Plaintiff<br>GAUNTLETT & ASSOCIATES |

The documents were served by the following means:

**[X]** **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 3, 2012, at Los Angeles, California.

/s/
Raquel Vidal

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW